UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                ORDER

CLIFTON CATTS,                                  15-CR-509-3 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Clifton Catts' motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 241, 252-255); the Government's opposition thereto, (Docs. 246, 257); and Defendant's reply, (Doc. 257-58).[1]

      On February 14, 2017, Defendant was sentenced principally to 144 months' imprisonment on his convictions for conspiracy to distribute heroin and possess heroin with intent to distribute. (Doc. 164.) This sentence was below the advisory Sentencing Guidelines range of 168-210 months. (Doc. 166 ("PSR") at 20.) On the same date, he was sentenced to 18 months' imprisonment, to run consecutive to the 144 month term, for violating his supervised release in No. 10-CR- 391. (No. 10-CR-391 Doc. 1685.) He has served approximately 60 of those 162 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy

---

[1] When able to do so, the parties are directed to send to chambers for filing under seal unredacted hard copies of their papers and any exhibits that are not publicly filed.

Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[2]

Defendant, who is 42 years old, argues that he meets the fourth category because he suffers from health conditions – specifically high blood pressure, high cholesterol and respiratory problems – that put him at increased risk for severe disease should he contract COVID-19.  None of his conditions are among those that the Centers for Disease Control ("CDC") has identified as putting one at increased risk.  Hypertension is among the conditions that, according to the CDC, might put one at increased risk.  Defendant's hypertension is apparently recently detected and is being closely monitored by medical personnel at FCI Berlin, where Defendant is housed, although no medications have yet been prescribed.  (Doc. 255 Ex. 4 at 1-2.)  High cholesterol – a common problem – is not on the "might" list, nor is a history of coughs and colds.  Only far more serious pulmonary problems are on either CDC list.  Further, as of today, FCI Berlin reports no COVID-19 cases among inmates or staff.  I recognize that an inmate cannot take the precautions that one might take on the outside, and thus the mere fact that one is in prison presents some risk (although many people on the outside also have living

---

[2] I do not regard myself as bound by § 1B1.13 or its Application Note, but that guidance as to "extraordinary and compelling reasons" is helpful and current. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020).

conditions or employment that puts them at risk). But that Defendant suffers from one condition that might increase his risk, when he is housed in a facility that has controlled the virus well, does not rise to the level of an extraordinary and compelling reason.

Even if it did, I would then have to consider the § 3553(a) factors. Defendant's offense, while non-violent, was serious: he supplied heroin, crack and cocaine to his co-conspirators. He did so while on supervised release and within months after release from his previous federal conviction. The instant case was Defendant's seventh criminal conviction, his fifth felony, and his fourth drug conviction. Prior significant sentences (including a 5-to-15-year state sentence and a 60-month federal sentence) have not deterred him.

Releasing defendant after he has served approximately 37% of his sentence would undermine several of the purposes of sentencing. It would not be just punishment and would introduce unwarranted sentencing disparities. It would not give sufficient weight to Defendant's criminal history or his disrespect for the law. It would fail to protect the public from further crimes by Defendant. Given his track record, there is every reason to believe he would return to crime, as he has so often in the past. It is commendable that Defendant taken classes and has a renewed appreciation for his family. But I would have to be naive to take at face value his claims that he has matured and is now committed to living a law-abiding life. He was 37 years old when arrested on the instant case, an age at which the time for maturing should have long passed. That Defendant has a plan, and family willing to support him, provides little confidence that things will be different this time. A well-meaning family and responsibilities to children have not in the past sufficed to keep Defendant on the straight and narrow.

On balance, even if the facts described by Defendant amounted to extraordinary and compelling reasons existed, the § 3553(a) factors would strongly outweigh them. Accordingly, the motion is denied.

Dated: August 6, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.