UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                                              ORDER

CLIFTON CATTS,                                        15-CR-509-3 (CS)

                      Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Clifton Catts' renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (ECF No. 327.)

       On February 14, 2017, Defendant was sentenced principally to 144 months' imprisonment on his convictions for conspiracy to distribute heroin and possess heroin with intent to distribute. (Doc. 164.) This sentence was below the advisory Sentencing Guidelines range of 168-210 months. (Doc. 166 ("PSR") at 20.) On the same date, he was sentenced to 18 months' imprisonment, to run consecutive to the 144 month term, for violating his supervised release in No. 10-CR- 391. (No. 10-CR-391 Doc. 1685.) He has served approximately 109 of those 162 months.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United*

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family and, prison abuse, as well as any other circumstances of similar gravity and unusually long sentences. *See* U.S.S.G. § 1B1.13(b)(1)-(6). It further provides that rehabilitation alone is not an extraordinary and compelling circumstance, but my be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. *See id.* § 1B1.13(d); *see also* 28 U.S.C.A. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant relies on his having been miscategorized as a career offender, but as previously explained, (ECF Nos. 300, 326), in this Circuit at the time of sentencing, and in every Circuit now, he qualifies as career offender. He also relies on *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), but as previously explained, (ECF Nos. 325, 326), that decision does not aid him. The reasons he sets forth do not – individually or in combination – rise to the level of extraordinary and compelling.

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4 (internal quotation marks and citations omitted). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to send a copy of this Order, and of ECF No. 326 (which he may not have previously received) to Clifton Catts, No. 63471-054, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White Deer, PA  17887.

Dated: September 13, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.